# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Dayton Superior Corporation**<br>         Reorganized Debtor. | Chapter 11<br><br>Case No. 09-11351 (BLS)<br><br>(Jointly Administered) |
| **J & K Adrian Bakery, LLC**<br><br>         Plaintiff,<br>v.<br><br>**Dayton Superior Corporation**<br><br>         Defendant. | Adv. No. 12-50950<br><br>Related to Adv. Docket Nos. 9, 20, 23, 24 & 25 |

RICHARDS, LAYTON & FINGER, P.A.
Russell C. Silberglied
Andrew C. Irgens
920 North King Street
Wilmington, DE 19801

       -and-

THOMPSON HINE LLP
Christine M. Haaker
Jessica E. Salisbury
10050 Innovation Dr.,
Suite 400
Dayton, Ohio 45342-4394

*Counsel for the
Reorganized Debtor*

MORRIS JAMES LLP
Carl N. Kunz, III
500 Delaware Ave
Suite 1500
Wilmington, DE 19801

*Counsel for J&K Adrian
Bakery LLC*

# OPINION[1]

Before the Court is a motion to dismiss or, in the alternative, transfer (the "Motion") [Adv. Docket No. 9] filed by Dayton Superior Corporation (the "Defendant" or "Reorganized Debtor"). J & K Adrian Bakery, L.L.C. (the "Plaintiff") filed a Complaint [Adv. Docket No. 3] in the United States District Court for the Northern District of Alabama (the "Alabama District Court") against the Defendant alleging three counts for damages to its property: (i) breach of contract for failing to guard, repair, and insure the property as required by the lease; (ii) negligence for failing to guard the property or take reasonable care in keeping the property safe; and (iii) wantonness for failing to take steps to secure the property despite knowledge of trespassing and theft. In the Alabama District Court, the Defendant moved to dismiss under Rule 12(b)(6) or, in the alternative, to transfer to this Court. Citing ambiguity in the Reorganized Debtor's Confirmation Order,[2] the Alabama District Court transferred the dispute to this Court to determine whether the claims fall under the scope of the Confirmation Order. The Alabama District Court stated that if the claims are not within the scope of the Confirmation Order, this Court should transfer the case back to Alabama to proceed on the merits of the Plaintiff's state law claims.

For the reasons that follow, the Court finds that the Plaintiff's claims are not within the scope of the Confirmation Order and this matter will therefore be transferred back to the Alabama District Court for further proceedings.

## I. BACKGROUND[3]

The Plaintiff alleged that on or about December 21, 2001, Defendant entered into a twenty-year commercial lease (the "Lease") for property located at 1401 Meadowcroft Road in Pinson, Alabama with the predecessor to the Plaintiff.

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law, as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7052, 9014(c).

[2] "Confirmation Order" as used in this introduction is defined *infra*.

[3] The Court summarizes the background of this adversary proceeding from the Alabama District Court's memorandum opinion. *See J & K Adrian Bakery, LLC v. Dayton Superior Corp.*, 2:11-CV-4307-KOB, 2012 WL 3542206, at *1-3 (N.D. Ala. Aug. 13, 2012) [Adv. Docket No. 24].

On April 19, 2009, the Defendant filed a voluntary bankruptcy petition under Chapter 11 in this Court. The Court entered an order confirming the Defendant's First Amended Plan of Reorganization on October 14, 2009 (the "Confirmation Order").[4] The Plan became effective on October 26, 2009 (the "Effective Date").

The Confirmation Order addresses executory contracts and unexpired leases and provides that "[a]ll of the Executory Contracts and Unexpired Leases of the Debtor that are identified on Plan Schedule 4" are rejected as of the Effective Date.[5] Schedule 4 lists the Plaintiff's property as one of the leases to be rejected.[6] The Confirmation Order also provides that with respect to the rejection of any unexpired leases, the "Rejection Date shall occur on the later of (i) the Effective Date or (ii) the date on which the Debtor has vacated the applicable leased premises."[7] Further, the Confirmation Order states that "[a]ll proofs of claim with respect to Claims arising from or in connection with the Rejected Contracts, if any, must be filed within thirty days after the applicable Rejection Date."[8] Any claim "not filed within [thirty days of the Rejection Date] will be forever barred from assertion against the Debtor or Reorganized Debtor…unless otherwise ordered by this Court or provided for in the Plan."[9]

On November 12, 2009, the Plaintiff timely filed a proof of claim for rejection damages in the amount of $1,843,288 relating to the lease with the Defendant. The Defendant objected to the amount as an overstated claim and maintained that the correct amount pursuant to its books and records was $958,824.55.[10] The Defendant negotiated with the Plaintiff to reach an agreement as to the rejection damages and filed a certification of counsel resolving the proof of claim.[11] On August 6, 2010, the Court issued a final order, pursuant to the parties' stipulation, for the rejection damages in the modified amount of $1,237,396.49.[12]

---

[4] Docket No. 654.
[5] Confirmation Order ¶ 21.
[6] The lessor is listed as "J&K Investments" but it is assumed, and no one has argued otherwise, that this entity is the same as the Plaintiff.
[7] Confirmation Order ¶ 21.
[8] *Id.*
[9] *Id.*
[10] *See* Omnibus Objection to Claims 3, Ex. A [Docket No. 835].
[11] *See* Notice of Agenda of Matters for Hr'g 3-4 [Docket No. 963].
[12] Docket No. 964.

It is undisputed that the Defendant did not vacate the property until January 2011 or thereabouts. It is also undisputed that the Defendant paid rent during this time.

The Defendant alleged that it tried to terminate the lease with the Plaintiff. As part of the termination of the lease, the Defendant was required to return the leased property in substantially the same condition as it had found the property. According to the Plaintiff's complaint, damage to the property occurred in December 2010 and January 2011 while the Defendant was in the process of moving out. The Plaintiff alleged that: (1) the police were called numerous times to the property in response to calls about copper theft; (2) the Defendant allowed the property insurance to lapse; and (3) the Defendant turned off the electricity to the building which led to plumbing and water damage due to burst pipes, among other allegations.

The Plaintiff filed this action in the District Court for the Northern District Alabama. The Defendant moved to dismiss under Rule 12(b)(6) or, in the alternative, to transfer to this Court. The Defendant argued that the Confirmation Order requires the Plaintiff to file a proof of claim within thirty days of the later of the Effective Date or the date the Defendant vacated the property. Since the Plaintiff did not file a proof of claim within thirty days of when the Defendant vacated, which was the "later date," the Defendant argued that its claim is "forever barred" pursuant to the language of the Confirmation Order. The Plaintiff contended that the claims are beyond the scope of the Confirmation Order and that its claims are against the Reorganized Debtor for its post-confirmation activities, having nothing to do with the bankruptcy case.

The Alabama District Court transferred the dispute to this Court to determine whether the claims fall under the scope of the Confirmation Order. If the claims are not within the scope of the Confirmation Order, this Court may then transfer this case back to Alabama to proceed on the merits of the Plaintiff's state law claims.

Counsel for the Defendant argues that the plain language of the Confirmation Order unambiguously provides that rejection occurs on the later of the Effective Date or the date that the Reorganized Debtor vacates. Since it is undisputed that the Defendant did not vacate until January 2011 and the Plaintiff did not file a proof of claim for rejection damages within thirty days of that date, Defendant argues that the claim is "forever barred."

In response, counsel for the Plaintiff first argues that, since the Confirmation Order makes a distinction between "Debtor" and

"Reorganized Debtor," the Debtor vacated on the Effective Date by ceasing to exist, *i.e.*, when the Debtor became the Reorganized Debtor. Therefore, the Plaintiff argues that the Lease was rejected on the Effective Date. Next, counsel argues that the claims pertain to post-confirmation activities that are not related to the Confirmation Order. The matter has been fully briefed and is ripe for decision.

## II. JURISDICTION & VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Further, the Court expressly retained jurisdiction in this case to interpret the Confirmation Order.[13] Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## III. LEGAL ANALYSIS

### A. Confirmation Order

The Alabama District Court struggled to reconcile conflicting language in the Confirmation Order. The Confirmation Order describes the Rejection Date as the later of the Effective Date or "the date on which the Debtor has vacated," but in the same paragraph, it discusses claims barred against the "Debtor or Reorganized Debtor" if not filed within thirty days of the Rejection Date. The definition of "Debtor" contained in the Confirmation Order does not include the "Reorganized Debtor." The Alabama court expressed doubt concerning the correct interpretation of this language. *See J & K Adrian Bakery, LLC v. Dayton Superior Corp.*, 2:11-CV-4307-KOB, 2012 WL 3542206, at *3-4 (N.D. Ala. Aug. 13, 2012) [Adv. Docket No. 24] (stating that "[a] closer look at the [Confirmation Order], however, reveals ambiguity…" and "[i]nterpreting this provision to refer only to the Debtor seems problematic…").

The Plaintiff argues that the language "Debtor has vacated" in the Confirmation Order should be construed to mean that the Debtor vacated the lease on the Effective Date because it ceased to exist, *i.e.*, the Debtor became the Reorganized Debtor.[14] The Defendant argues that this distinction is inconsistent with the Complaint and that the language of the Confirmation Order is unambiguous.

The Court notes the difference in drafting between the use of "Debtor" and "Reorganized Debtor." However, reading the Confirmation Order as Plaintiff would like creates an inconsistency that

---

[13] *See* Confirmation Order ¶ 43 [Docket No. 654].
[14] *See* Hr'g Tr. 19, December 3, 2012 [Adv. Docket No. 53].

the parties did not intend. If the date the "Debtor has vacated" means when the Debtor ceases to exist, then that date is the Effective Date of the Confirmation Order. This reading renders the language "the later of" wholly unnecessary because it would mean that rejection shall occur on the later of the Effective Date or the Effective Date. The Court declines to hold that the Defendant vacated on the Effective Date because it ceased to exist. It is undisputed that the Defendant stayed in possession of the property and paid rent well past the Effective Date. In this case, the Plaintiff's distinction between the Debtor pre-confirmation and post-confirmation Debtor was not intended by the parties and is otherwise unnecessary to the Court's holding.

It is undisputed that after the Confirmation Order, the Plaintiff filed a proof of claim for rejection damages. This claim was objected to by the Reorganized Debtor and eventually resolved by stipulation and submitted to the Court. The Court then issued a final order for the rejection damages, which settled the dispute. The damages alleged in the Complaint pertain solely to post-confirmation activities that occurred in December 2010 and January 2011, well after both the Confirmation Order and the Court's final order for the Plaintiff's rejection damages. Therefore, it cannot be said that these alleged damages are related to the Confirmation Order or the bankruptcy case.

The Defendant argues that the doctrine of *res judicata* prevents the Plaintiff from challenging the validity of the Confirmation Order.[15] However, claims for post-confirmation acts are not barred by the *res judicata* effect of a confirmation order. *See Donaldson v. Bernstein*, 104 F.3d 547, 555 (3d Cir. 1997) (holding that "[t]he Donaldsons undertook their wrongful conduct after confirmation and it would not be reasonable to hold that when the court confirmed the plan the creditors should have objected on the basis of the fraud which had not as yet harmed them"). Thus, Defendant's alleged post-confirmation liability is not barred by the Confirmation Order.

### B. Res Judicata

Additionally, *res judicata* prevents the Reorganized Debtor from contending that the lease was not rejected until the Plaintiff vacated. *Res judicata*, also known as claim preclusion, "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *Bd. of Trs. of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)

---

[15] *See* Def.'s Reply at 3, 6-7 [Adv. Docket No. 23].

This equitable doctrine requires: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Id.* (citation omitted). The Supreme Court has noted that the normal rules of *res judicata* apply to the decisions of the bankruptcy courts. *See Katchen v. Landy*, 382 U.S. 323, 334 (1966). Further, the Third Circuit has concluded on a number of occasions that a settlement agreement constitutes a final judgment on the merits. *See, e.g.*, *Weber v. Henderson*, 33 F. App'x 610, 612 (3d Cir. 2002).

Here, *res judicata* prevents the Defendant from now arguing that the lease was not rejected until it vacated the property. The record reflects that the proof of claim was filed for rejection damages and the Defendant filed an objection to the amount of the claim. The parties came to an agreement as to the modified amount of the claim and submitted it to the Court. The Court then approved the agreement in the modified amount. This judicially approved settlement constitutes a final judgment on the merits as to the rejection of the lease, and the damages stemming therefrom. Further, the parties to the agreement are the same parties in this action: J & K Adrian Bakery and the Reorganized Debtor. Finally, the proof of claim was for rejection damages that occurred when the Defendant rejected the lease. The issue today is whether the lease was rejected. Approving the proof of claim was predicated on the fact that the lease was rejected, and that damages flowed from the rejection. The Defendant could have stated at the outset of the claims litigation that the lease was not rejected because the Defendant had not yet vacated and thus, argued that rejection damages were not ripe. However, the Defendant did not do so. Instead, the Defendant objected on the merits, negotiated with the Plaintiff, and agreed upon an amount that would constitute the Plaintiff's rejection damages. The Court then issued a final order instructing the Reorganized Debtor to allow the rejection claim in the reduced amount of $1,237,396.49. Therefore, *res judicata* prevents the parties from re-litigating whether the lease was rejected.[16] The lease

---

[16] The Court, at this stage, stops short of finding that judicial estoppel prevents the Reorganized Debtor from arguing two inconsistent positions because the Court does not find any bad faith on the part of the Reorganized Debtor, based upon the record developed thus far. Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted). The doctrine protects the "integrity

was rejected as of the Effective Date, and the Defendant is barred from contending otherwise.

## C. Other Considerations

In addition to *res judicata*, the plain language of the Confirmation Order provides the Court with authority to hold that these state law claims fall outside the scope of the Confirmation Order. The Confirmation Order provides that all claims "not filed within such time will be forever barred from assertion against the Debtor or Reorganized Debtor, its Estate, or property *unless otherwise ordered by this Court* or provided for in the Plan."[17] Therefore, pursuant to its authority to order otherwise and the analysis of the equitable considerations above, the Court finds that the state law claims are not barred by the Confirmation Order.

---

of the judicial process" and prohibits "parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749-50. Judicial estoppel can be invoked by a court at its discretion. *See id.* at 750. Courts consider several factors when deciding whether to invoke the equitable doctrine of judicial estoppel: (1) a party's later position must be irreconcilably inconsistent with its earlier position; (2) a party changed its position in bad faith, *i.e.*, with the intent to play fast and loose with the courts; and (3) the party arguing the inconsistent position would receive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See, e.g.*, *Pickett v. Integrated Servs. Inc. (In re Integrated Health Servs., Inc.)*, 304 B.R. 101, 109 (Bankr. D. Del. 2004); *see also Exide Techs. v. Enersys Delaware, Inc. (In re Exide Techs.)*, Ch. 11 Case No. 02-11125-KJC, Adv. No. 10-52766, 2013 WL 85193, at *7 (Bankr. D. Del. Jan. 8, 2013) (applying judicial estoppel in the context of debtor's inconsistent positions regarding rejection of an executory contract and the effect of plan confirmation upon that contract and related rights). The Reorganized Debtor rejected the lease in October 2009, negotiated a resolution for the proof of claim related to the lease rejection in August 2010, and now, at this late date, argues that the lease was not rejected until January 2011. Therefore, the first element is satisfied as there is clearly an irreconcilable position. The third element is also satisfied because if the Defendant were allowed to argue that the lease was not rejected until January 2011, it would create an unfair detriment to the Plaintiff. However, the record developed to date does not demonstrate any bad faith indicative of playing "fast and loose" with the Court; thus, the Court does not invoke this equitable remedy.

[17] Confirmation Order ¶ 21 [Docket No. 654] (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiff's claims are not within the scope of the Confirmation Order and the Court will transfer this matter back to the Alabama District Court to proceed on the merits. An appropriate Order follows.

**BY THE COURT**:

Dated: January 15, 2013
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge